While I concur with the result of the majority opinion, I am concerned that, as written, the opinion may be misconstrued as indicating that if a worker is receiving any disability benefits from whatever source, that worker is precluded from receiving workers' compensation disability benefits. It is conceivable that a worker may be receiving disability benefits for a scheduled member, less than total permanent disability, or partial benefits from other sources, such as the Veterans' Administration, the Social Security Administration, early disability retirement, etc. These benefits may not extinguish simply because the worker obtains other suitable employment to accommodate the worker's partial disability, such as the "greeter" position in this case. Should the worker then suffer a subsequent job-related injury which results in increased disability, the trial court must then address the extent of the increased disability for which the employer is liable. Ala. Code 1975, § 25-5-58.
It is my opinion that one may be disabled for one purpose without being disabled for another purpose. For example, a veteran receiving disability benefits for a hearing loss as a result of military service may not be employable in a capacity requiring acute hearing ability, but may certainly be employable in other capacities, without recovering from the hearing impairment, and may conceivably be held to the "normal man" standard with regard to that work performance.
Furthermore, as a message to the Bench and Bar of the State, I indulge in noting that this case is exemplary of the type of forthcoming litigation which will involve an inter-play between workers' compensation laws and the Americans with Disabilities Act (ADA), codified at 42 U.S.C. § 12101 et seq. While I am aware that this case occurred prior to the effective date of the ADA, nonetheless, it is contemplative in that regard. The ADA, which prohibits discrimination in all employment practices, including hiring, specifically prohibits an employer from discriminating against a "qualified individual with a disability", or one who with or without a "reasonable accommodation" can perform the essential functions of the job. 42 U.S.C. § 12111.
Had this case involved the ADA, a significant inquiry would be whether Bratton, prior to this injury, could perform the essential functions of the position with or without a reasonable accommodation, i.e., did he possess the requisite skills, education, or physical requirements? Similarly, a question arises regarding whether Wal-Mart's "greeter" position would, in fact, be considered a type of "accommodation" allowing Wal-Mart to employ qualified individuals with some disability in that position. It may be that properly-noted accommodations made for ADA employees could serve to limit an employer's liability in the event of a subsequent job-related injury, so long as the worker is injured within the line and scope of that job. Another question to be considered is the extent of an employer's liability to an ADA-accommodated worker who, in performing a work-related task, steps outside the realm of that accommodation and is subsequently injured. Even further, had the ADA applied to the instant case, in order to determine the extent of disability, the trial court would have been required to explore what accommodation, if any, could be made to reestablish employment for this worker.
I simply take this opportunity to point out that trial courts should consider the legal obligation to provide "reasonable accommodations" for disabled workers in evaluating the extent of the actual vocational loss suffered by an injured worker in a workers' compensation case. Additionally, when an employer hires a disabled person and that worker suffers a subsequent job-related injury, the trial court may be called upon to consider the extent of the disability attributable to the prior disability in determining the employer's liability for the on-the-job injury. This may lead to the conclusion that the so-called "normal man" standard may not be the appropriate measure in a workers' compensation case involving an ADA worker hired with an accommodation. The anticipated controversies arising from the interaction of the ADA and the workers' compensation laws may cause the trial courts, and eventually the legislature of this State, to re-examine the *Page 1079 
definition and law governing pre-existing conditions in regard to subsequent increased disabilities.